James Anthony BROWN, Appellant,

v.

The STATE of Texas, Appellee.

No. A14–94–00406–CR.

Court of Appeals of Texas, Houston (14th Dist.).

July 28, 1994.

R. Scott Shearer, Houston, for appellant.

Julie Klivert, Houston, for appellee.

Before J. CURTISS BROWN, C.J., and MURPHY and ELLIS, JJ.

**OPINION**

MURPHY, Justice.

Appellant was arrested for possession of a controlled substance on January 5, 1993. On March 31, 1993, appellant forfeited a $20,000 bond when he failed to appear. Appellant was returned to custody and bond was set at $4,000. On October 25, 1993, appellant once again failed to appear and forfeited his bond. When he was returned to custody, the trial court set the bail at "no bail." Appellant filed a motion to set reasonable bail, which the trial court denied. In a single point of error, appellant claims the trial court abused its discretion in denying bail. We reverse and remand to the trial court.

Bail may only be denied under the four circumstances set out in article I, section 11a of the Texas Constitution. Article I, section 11a provides in part:

> Any person (1) accused of a felony less than capital in this State, who has theretofore twice been convicted of a felony . . . , after a hearing, and upon evidence substantially showing the guilt of the accused . . . may be denied bail pending trial.

Appellant alleges, and the State agrees, that appellant does not fall within the circumstances set out in article I, section 11a. We conclude, therefore, that the trial court abused its discretion in refusing to set a reasonable bail. Appellant's point of error is sustained.

The order of the trial court denying bail is reversed. The cause is remanded to the trial court to set a reasonable bail.